UNITED STATES, Appellee

v.

David A. BECK, Captain
U.S. Army, Appellant

No. 02-8010

Crim. App. No. 20020001

United States Court of Appeals for the Armed Forces

Submitted January 28, 2002

Decided April 19, 2002

Counsel

For Appellant:  Eugene R. Fidell and Debra D. Cooper (on
    brief).

For Appellee:  Colonel Steven T. Salata, Lieutenant Colonel
    Paul H. Turney, and Captain Mark A. Visger (on brief).

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

United States v. Beck, No. 02-8010/AR

PER CURIAM:

Appellant filed a writ-appeal petition for review of the United States Army Court of Criminal Appeals' decision on application for extraordinary relief in the nature of a writ of prohibition, mandamus, habeas corpus, and stay of proceedings. Additionally, appellant filed a motion for stay of court-martial proceedings. Appellant argues his order to active duty in the United States Army is void, and he bases this argument on the conclusion that he was fraudulently induced into signing a contract for service in the Army. Appellant is also litigating this matter in the United States District Court. See Beck v. Secretary of the Army, Civ. No. 01-0529 (D.D.C.).

Citing Woodrick v. Divich, 24 MJ 147 (CMA 1987), appellant contends this Court should stay his court-martial proceedings pending a resolution of the civil matter, dismiss the court-martial charge against him, and direct his discharge from the Army. We disagree. In Woodrick, "'[t]he district court, after a de novo review, accepted the Magistrate's findings and recommendations and denied the Air Force's motion to dismiss for' failure to exhaust remedies, concluding that a court-martial 'could not determine the merits of' his 'contractual claims.' It also ruled in Woodrick's favor on his contract claims." Id. at

2

149, quoting Woodrick v. Hungerford, 800 F.2d 1413, 1415 (5th Cir. 1986).  Thereafter, the Court of Appeals reversed on the basis that Woodrick had not exhausted his military remedies.  800 F.2d at 1418.

As a matter of comity given the posture of the Woodrick case when it arrived at this Court, we refused to resolve the merits of Woodrick's claims because the District Court previously had adjudicated the matter, holding that Woodrick's contract for military service was void.  This Court did, however, grant a stay of proceedings pending further review in the District Court, so Woodrick could obtain a reinstatement of the favorable District Court ruling on his claim of an invalid contract.  24 MJ at 155.

Issuance of an extraordinary writ staying court-martial proceedings requires the careful exercise of discretion.  When a writ petition asks us to stay a court-martial in deference to proceedings in a court outside the military justice system, it would be inappropriate to issue a stay absent a persuasive ruling from such a court or similar prudential considerations.

The writ-appeal petition and motion for stay of court-martial proceedings are denied.

<u>United States v. Beck</u>, 02-8010,AR

SULLIVAN, Senior Judge (concurring in part and dissenting in part):

I agree with the majority's decision to deny appellant's requests to both dismiss the court-martial charges against him for a lack of jurisdiction and direct his discharge from the United States Army.  Such action is entirely consistent with this Court's opinion in <u>Woodrick v. Divich</u>, 24 MJ 147, 155 (CMA 1987).

I disagree, however, with the majority's decision to deny a stay of court-martial proceedings until the pending proceedings in federal district court are resolved.  Such a stay was granted in <u>Woodrick v. Divich</u>, <u>supra</u>, even though that petitioner's civil cause of action, along with the trial court's factual findings in his favor, had been dismissed by the Court of Appeals.  Based on principles of comity and the probable refiling of his action, this Court granted a stay of "court-martial proceedings until Woodrick's claims have been finally adjudicated in the civilian courts."  <u>Id</u>. at 153.  These same principles of comity should also apply in Beck's case, where the civil case is <u>actually pending</u>.

This Court spoke to this precise issue in <u>Woodrick v. Divich</u>, as follows:

> Whether, as in [<u>Parisi v. Davisdson</u>, 405 U.S. 34 (1972)], a claim is made for

> release from military status by reason of conscientious objection or whether instead the claim is for release because of a material misrepresentation, a court-martial is not the most convenient forum to handle the matter. These tribunals "are not convened to review and rectify administrative denials of" release from active duty. Id. 405 U.S. at 42, 92 S.Ct. at 820. Furthermore, the issues of contract law involved here are not those in which courts-martial "have a special competence." Id. at 39 n. 6, 92 S.Ct. at 819 n.6.
>
> Parisi makes clear that there are many reasons why it would be desirable if the validity of Woodrick's enlistment contract could be adjudicated in a Federal District Court, rather than before a court-martial. Moreover, it seems clear that, under the principles of comity adverted to in Parisi, the military justice system properly may defer to proceedings in the Federal civilian courts. Just as the Supreme Court urged Federal civilian courts to "give careful consideration to the appropriate demands of comity," id. at 46, 92 S.Ct. at 822, when related proceedings are pending before courts-martial, the military justice system should consider the "demands of comity" in connection with related proceedings in a Federal District Court.

Id.

The majority denies the request for a stay of the court-martial proceedings on the basis that the federal district court has not yet made a persuasive ruling in the civil action and the absence of "similar prudential considerations." _____ MJ at (3). It is uncontroverted, however, that the district court is prepared to go forward and itself suggested to appellant that he seek a stay of the court-martial proceedings before it further

acts in his case.  The principles of comity delineated in Woodrick v. Divich, supra, strongly suggest that this Court should not act in a way which fosters competing civilian and military legal proceedings.

In sum, I would hold that appellant's writ-appeal petition should be resolved on the basis of this Court's decision in Woodrick v. Divich, supra.  Accordingly, following our Court's precedent, I would vote to grant the requested stay.